```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
```

GEORGE CHEEK,                        1:19-cv-16375-NLH-JS

        Plaintiff,         **OPINION**

   v.

SOLSTICE COUNSELING &
WELLNESS CENTER,

        Defendant.

**APPEARANCES**

SPENCER H. KUHNER
LEMBERG LAW, LLC
43 DANBURY ROAD
WILTON, CT 06897

   *On behalf of Plaintiff.*

PATRICK J. MADDEN
MADDEN & MADDEN, P.A.
108 KINGS HIGHWAY EAST, SUITE 200
P.O. BOX 210
HADDONFIELD, NJ 08033

   *On behalf of Defendant.*

**HILLMAN, District Judge**

   On August 6, 2019, George Cheek ("Plaintiff") filed a complaint alleging Defendant Solstice Counseling & Wellness Center ("Defendant") violated the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA") because it failed to properly pay him overtime compensation. On October 11, 2019, the parties advised the Court that a settlement had been reached following a

period of informal discovery.  Before the Court is the parties'
joint motion to approve the settlement.

Because Plaintiff's claims are for alleged violations of
the FLSA, the Court is required to review the settlement
agreement and determine whether the matter concerns a bona fide
dispute, and whether the settlement is a fair and reasonable
resolution for Plaintiff.  See Brumley v. Camin Cargo Control,
Inc., 2012 WL 1019337, at *1 (D.N.J. 2012) ("Employees have two
avenues for compromising an FLSA claim: (1) a compromise
supervised by the Department of Labor pursuant to 29 U.S.C. §
216(c); and (2) a district court-approved compromise pursuant to
29 U.S.C. § 216(b)"); Chillogallo v. John Doe LLC #1, 2018 WL
4735737, at *1 (D.N.J. 2018) (quoting Lynn's Food Stores, Inc.
v. United States, 679 F.2d 1350, 1353 (11th Cir. 1982) ( "When
employees bring a private action under the FLSA, and present to
the district court a proposed settlement pursuant to that Act's
§ 216(b), the district court may enter a stipulated judgment if
it determines that the compromise reached is a fair and
reasonable resolution of a bona fide dispute over FLSA
provisions"); Bettger v. Crossmark, Inc., 2015 WL 279754, at *3
(M.D. Pa. 2015) ("Although the Third Circuit has not addressed
whether [FSLA] actions claiming unpaid wages may be settled
privately without first obtaining court approval, district
courts within the Third Circuit have followed the majority

position and assumed that judicial approval is necessary.")).

The parties have settled the matter for $7,500 inclusive of attorneys' fees and costs.[1] The parties have provided the Court with the settlement agreement, which details the settlement amount for Plaintiff, contains a clause relating to the attorneys' fees, explains that Plaintiff will releases his claims against Defendant, provides that Defendant makes no admission of liability, and results in the dismissal of the action. (ECF No. 5-1). Plaintiff will receive (1) $4,500 of the total settlement, while Plaintiff's counsel will receive $3,000 in fees and costs.

The Court finds that the matter concerns a bona fide dispute and the settlement is a fair and reasonable resolution for Plaintiff. The parties explain:

> Plaintiff calculated the overtime wages he was owed at $3,917.36, not including liquidated damages. However, that calculation is based on an optimistic, best case scenario outcome, and assumes that all of the disputed facts alleged by Plaintiff are entirely correct and that Plaintiff will prevail on his claims in their entirety. Specifically in dispute, Defendant argues

---

[1] The parties' joint submission appears to contain a typographical error suggesting that the matter would be settled for $18,000. See (ECF No. 5 at 3)("Eighteen Thousand Dollars ($7.500.00). Of that sum, $3,000 will be allocated to legal costs and fees. $4,500 will be paid directly to Plaintiff"). After cross-referencing the joint submission with the proposed settlement agreement submitted by the parties, the Court is satisfied that the matter is being resolved for $7,500. See (ECF No. 5-1 at 1) ("In consideration of the payment of seven thousand five hundred dollars ($7,500). . . .").

3

> that Plaintiff was an independent contractor not
> subject to the FLSA's overtime requirements. This
> argument, if successful, would bar Plaintiff's claim
> entirely and he would recover nothing. Further,
> Defendant maintains that it acted at all times in good
> faith in classifying Plaintiff as an independent
> contractor. This argument, if successful, would
> preclude Plaintiff from recovering any liquidated
> damages, even if a factfinder determined this
> classification to be improper. By virtue of this
> settlement, Plaintiff will be able to obtain over 100%
> recovery of his alleged overtime wages, without having
> to face the burdens of litigating the dispute and the
> corresponding risks of trial.

(ECF No. 5 at 3-4).

Plaintiff represents "that the settlement amount is a fair result, and accounts for over 100% of the alleged overtime wages owed, even after the deduction of attorney's fees, while eliminating the risks of trial" and Defendant represents that "the proposed settlement is fair and reasonable because the settlement was negotiated at arms-length by competent counsel." (ECF No. 5 at 4).

The Court agrees that these considerations weigh in favor of finding the settlement fair and reasonable under the circumstances. Plaintiff recognizes that he faces various difficulties in proving his case, and the parties recognize that Defendant has potentially viable defenses. Despite these recognitions, Plaintiff will receive a damages award exceeding his purported actual damages.

The FLSA contemplates that damages shall include: (1) any

unpaid overtime compensation; and (2) in addition, an equal amount as liquidated damages. 29 U.S.C. § 216(b). The FLSA also instructs that a prevailing plaintiff is entitled to reasonable attorneys' fees and costs. See Id. ("in addition to any judgment awarded to the plaintiff . . . [a court must] allow a reasonable attorney's fee to be paid by the defendant, and costs of the action"). A resolution of this action for an amount exceeding Plaintiff's actual damages figure appears to fairly compensate Plaintiff while also taking into consideration the risks borne by each party if this matter were not amicably resolved.

With regard to attorneys' fees, Plaintiff's counsel is entitled to reasonable attorneys' fees to compensate them for their work in recovering unpaid wages under the FLSA. 29 U.S.C. § 216(b). To determine the reasonableness of an attorneys' fee award in a FLSA action, judicial review is required "to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement." Brumley, 2012 WL 1019337, at *9 (citations omitted).

Plaintiff's counsel explains that it will receive $3,500 of the $7,500 settlement in fees and costs relating to this action, or approximately 46% of the overall settlement fund. The Court has no reason to question the reasonableness of the amount of

attorneys' fees and costs in this case.  Plaintiff's counsel represents that counsel for both parties engaged in informal discovery, exchanged necessary documents, and ultimately worked to quickly and efficiently resolve this action.  While the fee Plaintiff requests – 46% of the total settlement figure – appears to fall within the higher-end of fees approved by courts within this circuit on a pure percentage basis, in light of the relatively small size of the overall recovery and the minimum amount of work that would have been necessary for competent counsel to perform in any case of this kind, such a figure is not beyond the bounds of acceptability.  See, e.g., Lyons v. Gerhard's Inc., 2015 U.S. Dist. LEXIS 92348, *12 (E.D. Pa. July 15, 2015) (approving counsel fee and cost award of 44% of the total settlement amount).

Accordingly, the Court will grant the parties' joint motion to approve the settlement in the amount of $7,500 inclusive of attorneys' fees and costs.  An appropriate Order will be entered.


Date: November 22, 2019                s/ Noel L. Hillman
At Camden, New Jersey                  NOEL L. HILLMAN, U.S.D.J.